UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIC B. SCHNURER, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01603-JMS-DML |
| | ) | |
| DAVID F. LYNN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiffs' Motion to Enforce Settlement Agreement, and for Entry of Final Judgment and Other Relief. [Filing No. 80.] The parties to this ERISA matter reached a settlement agreement following a settlement conference with the Magistrate Judge. [*See* Filing No. 73; Filing No. 78; Filing No. 80-1; Filing No. 81.] That agreement allows for Plaintiffs to file an executed agreed judgment in the event Defendants default on their obligations set forth in an accompanying promissory note. Defendants defaulted, and Plaintiffs filed the agreed judgment. In addition, Plaintiffs filed their Motion to Enforce and a new proposed final judgment. Despite the title of their Motion, several of Plaintiffs' requests seek not to enforce the settlement agreement, but to either amend or litigate it. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion.

### I.
#### BACKGROUND

Eric Schnurer brought this lawsuit against Karen Kinder, David Lynn, and Sequoia Consulting Group, Inc. ("Sequoia") in February 2018 in the Eastern District of Pennsylvania. [Filing No. 1.] At the parties' request, the matter was transferred to this Court on May 15, 2018. [Filing No. 13.] Mr. Schnurer filed an Amended Complaint on July 24, 2018, joining as plaintiffs

Daniela Sharfstein, Jennifer Wall, and Stephanie Walsh. [Filing No. 40.] The Magistrate Judge held a successful settlement conference with the parties on November 30, 2018 and directed Plaintiffs to "file a motion to dismiss or close this cause and submit an order for the Court's signature" within thirty days. [Filing No. 73.] The parties received numerous extensions to comply with this directive before Plaintiffs finally filed the instant Motion to Enforce on May 22, 2019. [Filing No. 80.]

Plaintiffs filed several documents in support of their Motion. The first is the settlement agreement itself. That document provides in relevant part:

> 2. **New Promissory Note.** Sequoia and Lynn shall, jointly and severally execute a "New Promissory Note" in the form set forth in Exhibit A to this Agreement. The New Promissory Note shall be in the principle amount of $915,000.00 and shall bear interest at the annual rate of 7.5% per annum, except in the event of default, and thence the interest rate shall become 12% per annum. The New Promissory Note shall be paid according to its terms which include the following required payment to Schnurer:
>
> a) February 1, 2019     $10,000.00
> b) March 1, 2019     $10,000.00
> c) April 1, 2019     $10,000.00
> d) May 1, 2019     $50,000.00
> e) June 1, 2019     $10,000.00
> f) July 1, 2019     $10,000.00
> g) August 1, 2019     $50,000.00
> h) September 1, 2019     $10,000.00
> i) October 1, 2019     $10,000.00
> j) November 1, 2019     $50,000.00
> k) December 1, 2019     $10,000.00
> l) $10,000.00 on or before the first day of each calendar month after December 2019 and on the first day of each month thereafter through and including December 1, 2022
> m) A balloon payment equal to all remaining principle, interest, fees and other unpaid amounts on or before December 31, 2022
>
> 3. **Agreed Judgment.** Eric B. Schnurer, Sequoia Consulting Group, Inc., and David F. Lynn hereby authorize their counsel to sign and enter into a form of Agreed Judgment in the form set forth in Exhibit B to this Agreement. The amount of the Agreed Judgment shall be $1,100,000.00. The Agreed Judgment shall be held by counsel for Schnurer and shall not be filed, recorded, enforced or executed until and unless Sequoia and/or Lynn have defaulted on the new Promissory Note to be executed by Sequoia and Lynn for Schnurer.

4.  **Transfer of Assets of Public Works.** The assets listed in Exhibit C to this Agreement, "Public Works Asset Transfer Agreement," of Public Works LLC ("Public Works") shall be transferred free and clear of all liens, debts, obligations and encumbrances to Schnurer on or before December 31, 2018, pursuant to the terms, agreements and provisions of Exhibit C, including the schedules, exhibits and attachments to Exhibit C. From January 1, 2019, Public Works shall be owned and operated by Schnurer or his designees, heirs or assigns, in Schnurer's sole discretion, with no obligation on the part of Schnurer to operate Public Works at all. If Schnurer elects to operate Public Works, and Public Works earns and receives revenue from its business operations, then 7.5% of the gross revenues will be credited to the New Promissory Note, first to unpaid balances and fees, then to interest, and then to principle until the New Promissory Note has been paid in full. No credits will be earned or applied or due to any Defendant after the New Promissory Note has been paid in full. Any such credit will be applied to the Note balance effective ten business days after such revenue is received by Public Works. Schnurer may operate businesses other than or in addition to Public Works and may compete with Sequoia through Public Works and/or his other business activities. Business may be contracted, or not, by Public Works, or by Schnurer's other business activities, in Schnurer's sole discretion. Schnurer's other business activities shall not require him to credit any revenue amounts to Sequoia, Lynn or the New Promissory Note. Until the New Promissory Note has been paid in full, Schnurer shall provide Sequoia and Lynn with Schnurer's redacted copy of his Schedule C showing gross revenue for Public Works and the amounts credited to the New Promissory Note in the preceding calendar year, no later than January 31. Schnurer may transfer Public Works and/or its assets, and in the event of any transfer, the obligation to pay Sequoia and/or Lynn any percentage of Public Works revenue or to credit any Public works revenue amount against the New Promissory Note shall cease as of the date of such transfer.

5.  **401(k) Plan Payments and Accounting.** All amounts due and owing to the participants in Sequoia's 401(k) Plan shall be paid and deposited into the Sequoia 401(k) Plan (the "Plan") on or before December 31, 2018, and such deposits shall include all amounts designated by Plan participants for deposit into their individual accounts, all employer matching amounts due or required under the Plan and any other amounts that should have been but have not deposited by Sequoia into the Plan. A full accounting of these deposits and Plan amounts and balances shall be provided by Sequoia to counsel for the Plaintiffs no later than December 16, 2018, and then to Fidelity Investments, Inc. no later than December 31, 2018, and Fidelity

> shall calculate the amount of investment gains or losses that would have accrued had the deposits (whether for employee contributions or employee matches) been made on a timely basis when originally due. Fidelity shall provide this calculation to Sequoia and to counsel for Schnurer no later than January 31, 2019, and all such accrued net investment gains shall be deposited into each Plan participant's account by Sequoia no later fifteen days after the receipt of Fidelity's calculation.
>
> 6. **Sequoia/Lynn Non-Compete.** Sequoia and Lynn shall not compete with Public Works unless Public Works ceases to do business for a period of at least twelve consecutive calendar months, is dissolved, declares a voluntary bankruptcy, or is deemed not to be a going concern by its accountants.
>
> 7. **Dismissal of Lawsuit.** The Plaintiffs shall dismiss the Lawsuit without prejudice upon fulfilment of the requirements and payments set forth in paragraphs 2(a) through 2(e), 3, 4, and 5 above. The dismissal shall be accomplished through a Stipulation of Dismissal, to be signed by counsel for all of the Parties in conjunction with the signing of this Agreement, which Stipulation of Dismissal and a proposed form of Order of Dismissal will then be held and only filed with the Court by counsel for Plaintiffs when all of the requirements and payments set forth in paragraphs 2(a) through 2(e), 3, 4, and 5 above have been met and fulfilled.

[Filing No. 81-1 at 3-6.] The agreement also contains mutual releases which are void as to the nonbreaching party in event of a breach. [Filing No. 81-1 at 6-8.]

Pursuant to paragraph 3 of the settlement agreement, Plaintiffs filed an executed Agreed Judgment on May 22, 2019. [Filing No. 80-4.] That document provides in part as follows:

> 1. JUDGMENT shall be and is hereby entered in favor of Eric B. Schnurer and against Sequoia Consulting Group, Inc. ("Sequoia"), David F. Lynn ("Lynn"), jointly and severally, in the amount of One Million One Hundred Thousand Dollars and 00/100 ($1,100,000.00).

> 2. This Agreed Judgment resolves all claims set forth in the Amended Complaint against Defendants, which are hereby dismissed with prejudice, and shall constitute the final disposition of this action. This Agreed Judgment shall not be modified unless the party seeking modification demonstrates, by clear and convincing evidence, that it will suffer irreparable harm from new and unforeseen conditions. Changes in the economic conditions of any party shall not be grounds for modification.

[Filing No. 80-4 at 2.] In addition to the settlement agreement and Agreed Judgment, plaintiffs filed the executed promissory note, [Filing No. 80-3], and a new proposed entry and final judgment, [Filing No. 80-5].

Plaintiffs' Motion to Enforce is now fully briefed and ripe for consideration.

## II.
### DISCUSSION

The parties all agree that Sequoia and Mr. Lynn have not complied with their payment obligations under the promissory note and settlement agreement.[1] They differ, however, on the actions the Court should take in response.

Plaintiffs initially argue that the Court should enter judgment, jointly and severally, in favor of Mr. Schnurer and against each defendant in the amount of $1,100,000; should not enter the second paragraph of the agreed judgment; should order an accounting of each plaintiff's 401(k) account; should release Mr. Schnurer "from any obligation to pay any amounts from the profits or revenues of Public Works to any Defendant"; should release Mr. Schnurer "from any non-compete obligation to any Defendant"; and should order the payment of attorneys fees. [Filing No. 80 at 5-6.]

---

[1] The Court would have been better served had Plaintiffs supported their assertions of nonpayment with documents of evidentiary value, such as affidavits or sworn declarations. However, because Defendants concede that they are in default, the Court finds it unnecessary to prolong matters by requiring Plaintiffs to file new sworn submissions.

In response, Defendants argue that Ms. Kinder undertook no obligations under the settlement agreement and that there is no basis for a judgment against her. [Filing No. 87 at 1-2.] Otherwise, Defendants provide various explanations for why they have not been able to make the required payments and 401(k) accounting. [Filing No. 87 at 2-3.] Defendants conclude by asking for a sixty-day stay of this matter to allow time to fulfill their payment obligations. [Filing No. 87 at 3.]

In reply, Plaintiffs do not mention Ms. Kinder, effectively conceding that they are not entitled to judgment against her. [Filing No. 88.] They reiterate, however, that they are entitled to the monetary judgment and 401(k) accounting. [Filing No. 88 at 2-3.]

"A settlement agreement . . . is enforced just like any other contract," *Lynch, Inc. v. SamataMason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002), and thus the Court applies state contract law in resolving "[i]ssues regarding the formation, construction, and enforcement" of such an agreement, *Sims-Madison v. Inland Paperboard & Packaging, Inc.*, 379 F.3d 445, 448 (7th Cir. 2004). The Court retains discretion in enforcing and resolving disputes over a settlement agreement. *Id.*

Here, Plaintiffs claim wide-ranging relief as a result of Sequoia's and Mr. Lynn's admitted breaches. Most of what they request is easily resolved. The settlement agreement expressly provides for entry of the agreed judgment in Mr. Schnurer's favor in the amount of $1,100,000 against Sequoia and Mr. Lynn, and Defendants have provided no argument for why judgment should not be entered immediately consistent with the settlement agreement. Further, the settlement agreement expressly provided that "[a] full accounting [of the 401(k)] deposits and [p]lan amounts and balances shall be provided by Sequoia to counsel for the Plaintiffs." [Filing

No. 81-1 at 6.] Again, Defendants provide no reason why this requirement should not be enforced as against Sequoia.

But elsewhere Plaintiffs overreach and request relief that could not reasonably be considered an effort to "enforce" the settlement agreement. First, Ms. Kinder was not obligated to perform any obligations under the settlement agreement, so there is no basis for a monetary or injunctive judgment against her. Plaintiffs appear to recognize as much by omitting any discussion of her from their reply brief.

Second, Mr. Schnurer asks for relief "from any obligation to pay any amounts from the profits or revenues of Public Works to any Defendant" and "from any non-compete obligation to any Defendant." Perhaps the breaches by Sequoia or Mr. Lynn may entitle Mr. Schnurer to some additional relief beyond enforcement of their obligations under the settlement agreement, but he has not explained why this may be so. Rather, it appears that Mr. Schnurer may be anticipating that the parties may have future disputes over the settlement agreement. The time and place to resolve such disputes is in a separate lawsuit. *Cf., e.g.*, *Harrington v. Berryhill*, 906 F.3d 561, 568-69 (7th Cir. 2018) (declining to exercise ancillary jurisdiction to wade into complex Administrative Procedure Act issues on appeal of social security disability fee award); *Lynch, Inc.*, 279 F.3d at 489-90 (noting that after dismissal of lawsuit based upon settlement agreement "the court had no jurisdiction to do anything further" such that any further efforts to enforce settlement agreement would require separate lawsuit "under the law of contracts"). In the absence of any reason why such relief is appropriate or necessary, the Court will not essentially edit or add to the settlement agreement as part of this case.

Third, Plaintiffs request as follows: "The releases of the Defendants by the Plaintiffs set forth in paragraph 8 of the Settlement Agreement should be null and void based on the Defendants'

7

defaults. Similarly, paragraph 2 of the Agreed Judgment should not be entered." [Filing No. 80 at 4.] The first sentence does not require any action on the part of the Court. There is presently no dispute about the settlement agreement and its release provisions, and Defendants have not contested that they have defaulted. Any further disputes over the releases belong in a separate lawsuit if and when they may arise.

As for the request that the Court not enter paragraph 2 of the Agreed Judgment, again Plaintiffs fail to explain why the Court should do any such thing. As written, however, paragraph 2 is internally inconsistent, confusing, and lacking in proper finality. First, it states that the claims against Defendants "are hereby dismissed with prejudice." [Filing No. 80-4 at 2.] But paragraph 1 provides for judgment in Plaintiffs' favor against Sequoia and Mr. Lynn, and that judgment is inconsistent with a dismissal with prejudice. *See Philadelphia Indem. Ins. Co. v. Chicago Tr. Co.*, 2019 WL 3244504, at *1 (7th Cir. 2019) (publication pending) ("[T]he judgment reads: 'Case is dismissed.' This means that Philadelphia loses (contradicting the judge's opinion) . . . ."). The only claims being dismissed are those against Ms. Kinder and the claims of the plaintiffs other than Mr. Schnurer, except as to the 401(k) accounting. Additionally, there is no reason the judgment should specify possible grounds for modification. "Finality is the necessary and sufficient condition" for a judgment, *Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 682 (7th Cir. 2001), and this is not a case where continued judicial oversight would be appropriate or necessary. Therefore, the Court's final judgment will capture the spirit of paragraph 2, which clearly intended to indicate that the litigation is resolved, and remedy the deficiencies identified above. Plaintiffs have provided no explanation for why any other amendments might be appropriate.

8

Finally, Plaintiffs seek to petition the Court for attorney's fees before judgment is entered. But Rule 58 provides that "[o]rdinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees." Fed. R. Civ. P. 58; *see Pierce v. Visteon Corp.*, 791 F.3d 782 (7th Cir. 2015) ("The district judge resolved the merits on June 25, 2013, and Fed. R. Civ. P. 58(b)(2) provides that a court 'must promptly enter" a judgment."); *Dunn v. Truck World, Inc.*, 929 F.2d 311 (7th Cir. 1991) ("[T]he merits and awards of fees are *always* distinct for purposes of finality . . . .") (emphasis in original)). Rather, the Court will enter judgment forthwith, and Plaintiffs may file any motion for attorney's fees pursuant to the schedule set forth in Rule 54(d)(2).

### III.
#### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Enforce. [80] Given Sequoia's and Mr. Lynn's defaults, Mr. Schnurer is entitled to judgment in the amount of $1,100,000 against those Defendants. Plaintiffs are also entitled to an accounting of their 401(k) plans pursuant to the settlement agreement, but they have failed to justify any of the additional relief they request. Furthermore, there is no basis for any judgment against Ms. Kinder, so Plaintiffs' claims against her will be dismissed.

Additionally pending is Plaintiffs' Motion to Seal Exhibit 80-1. [Filing No. 82.] The Magistrate Judge denied the Motion and then stayed her ruling pending a June 12, 2019 status conference. [Filing No. 84.] That status conference has come and gone, and the Court agrees with the Magistrate Judge that there is no basis for maintaining Filing No. 80-1 (the settlement agreement) under seal. The Court therefore **DENIES** Plaintiffs' Motion to Seal [82] and **directs the Clerk** to unseal Filing No. 80-1.

Final judgment consistent with this entry shall now issue.

Date: 8/13/2019

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**